**CORRECTED**

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1466V
(not to be published)

| | |
|---|---|
| ROBERT SNEATHEN, *as the personal representative of the* ESTATE of SANDRA SNEATHEN,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: August 21, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Alison H. Haskins, Maglio Christopher & Toale, PA, Sarasota, FL,* for Petitioner.

*Camille Michelle Collett, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

  On October 6, 2017, Sandra Sneathen[2] filed a filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[3] (the "Vaccine Act"). Petitioner alleges that an influenza vaccination administered on August 29, 2015 caused Sandra Sneathen to develop Guillain-Barré Syndrome and

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] On June 25, 2019, Sandra Sneathen passed away. On August 15, 2019, Robert Sneathen was appointed personal representative of Sandra Sneathen's estate. On August 28, 2019, this court granted Petitioner's motion to substitute Robert Sneathen as the Petitioner herein.

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

that she experienced the residual effects of this condition for more than six months. (Petition at 1, 3). On June 16, 2020, a decision was issued awarding compensation to Petitioner based on the parties' stipulation.  (ECF No. 66).

Petitioner has now filed a motion for attorney's fees and costs, dated July 15, 2020, (ECF No. 70), requesting a total award of $95,933.74 (representing $84,300.70 in fees and $11,633.04 in costs). In accordance with General Order #9, Petitioner filed a signed statement indicating personal costs were incurred in the amount of $2,000.00. (ECF No. 37-3). Respondent reacted to the motion on July 16, 2020 indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to determine the amount to be awarded. (ECF No. 71). On July 17, 2020, Petitioner filed a reply requesting fees and costs be awarded in full.  (ECF No. 72).

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e).

**Accordingly, Petitioner is awarded the total amount of $97,933.74[4] as follows:**

- **A lump sum of $95,933.74, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel; and**

- **A lump sum of $2,000.00, representing reimbursement for petitioner's costs, in the form of a check payable to Petitioner.**

- **Petitioner requests checks be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236.**

---

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.